**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ADAM G.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Civil Action No. 24-10226 (RK)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER**, having come before the Court upon the "Motion for Attorney Fees" of Adrienne F. Jarvis ("Ms. Jarvis"), (ECF No. 15), counsel for Plaintiff Adam G.[1] ("Plaintiff"), seeking attorney's fees in the amount of $20,049.98; and

**THE COURT NOTING** that, having reviewed Ms. Jarvis's Motion,[2] Ms. Jarvis asserts that she is entitled to $20,049.98 of the $80,199,90 in retroactive Social Security benefits awarded to her client for her client's disability beginning in July 2020, equal to 25% of that award. (ECF No. 16 at 2; ECF No. 16-2 at 2.) Ms. Jarvis asserts that Plaintiff received this award following the Court's order, remanding Plaintiff's request for benefits for further proceedings, (ECF No. 16 at 2; ECF Nos. 11–12), benefits that were subsequently awarded to Plaintiff following that remand, (ECF No. 16 at 2). On June 3, 2025, the Court awarded Ms. Jarvis $8,500 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") for the time she spent working on Plaintiff's

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

[2] Although the Motion is filed under Plaintiff's name, "the real part[y] in interest [is his] attorney[], who seek[s] to obtain . . . fee awards under § 406(b)." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

case. (ECF No. 14; ECF No. 16 at 2); 28 U.S.C. § 2412(d)(1)(A). Consistent with her fee agreement with Plaintiff, Ms. Jarvis moved on May 18, 2026 for a fee award of $20,049.98, which she contends is a reasonable fee amount, (ECF No. 15; ECF No. 16 at 6–7); and

**WHEREAS**, the Court may determine that an attorney in a representation before this Court and the Commissioner of Social Security (the "Commissioner") is entitled to a "reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled," 42 U.S.C. § 406(b)(1)(A); and

**WHEREAS**, the Commissioner "neither supports nor opposes" Ms. Jarvis's Motion, (ECF No. 17 at 1), as he "has no direct financial stake in the answer to the § 406(b) question; instead [he] plays a part in the free determination resembling that of a trustee for the claimant[]," *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002); and

**WHEREAS**, the Court must "review for reasonableness fees yielded by [contingency-fee] agreements" like Ms. Jarvis and Plaintiff's, *id.* at 809, including by considering "(1) the character of the representation; (2) the results achieved; (3) whether the attorney was responsible for any delay; and (4) whether the benefits are large in comparison to the amount of time spent on the case," *Acosta v. Comm'r Soc. Sec.*, No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (per curiam) (citing *Gisbrecht*, 535 U.S. at 808); and

**WHEREAS**, the Court "must also consider 'the primacy of lawful attorney-client fee agreements,'" *id.* (quoting *Gisbrecht*, 535 U.S. at 793); and

**WHEREAS,** counsel may be entitled to attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1)(A), but the attorney must refund the smaller fee awarded between the two amounts to the claimant, *Gisbrecht*, 535 U.S. at 796; and

**THE COURT FINDING** that Ms. Jarvis's request for attorney's fees of $20,049.98 is reasonable. First, Ms. Jarvis and another attorney who assisted in the litigation represented Plaintiff throughout the appeal process, including reviewing the underlying record, communicating with Plaintiff, and drafting Plaintiff's brief. (*See* ECF No. 16-3 ¶¶ 18–19.) Second, Ms. Jarvis was successful in her representation of Plaintiff, securing Social Security benefits for the period of July 2020 to March 2026. (*See* ECF No. 16-2.) Third, because Ms. Jarvis's Motion was within 30 days of when the "notice of award [was] issued by the Commissioner" and when Ms. Jarvis was "notified of that award," her Motion for fees is timely under Local Rule 54.2(a) and Federal Rule of Civil Procedure 54(d)(2). *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); *see Planned Parenthood of Cent. N.J. v. Att'y Gen. of State of N.J.*, 297 F.3d 253, 259–61 (3d Cir. 2002) (holding that Local Rule 54.2(a) validly extends the time to move for fees under Federal Rule of Civil Procedure 54(d)(2) to 30 days); (ECF No. 16-3 ¶ 14 (Notice of Award dated April 30, 2026 and received by Ms. Jarvis on May 4, 2026).) Fourth, Ms. Jarvis's requested fee, averaging to approximately $530.42 per hour worked ($20,049.98 divided by 37.8 hours worked by Ms. Jarvis and the other attorney), is not excessive when compared to other approved fees throughout this Circuit. *See* (ECF No. 16-3 ¶¶ 18–19); *see, e.g., Heath Reynold L. v. Bisignano*, No. 24-1335, 2025 WL 2899996, at *3 (E.D. Pa. Oct. 9, 2025) (collecting cases permitting § 406(b) fees in excess of $1,000 per hour). Finally, considering "the primacy of lawful attorney-client fee agreements," the Court will honor Ms. Jarvis and Plaintiff's agreement here, which meets the 42 U.S.C. § 406(b)(1)(A) threshold of 25 percent. *Gisbrecht*, 535 U.S. at 793. However, because Ms. Jarvis already received $8,500 under the EAJA, she must refund Plaintiff this lesser fee. *Id.* at 796; (ECF No. 14.)

**IT IS** on this 21st day of May, 2026,

**ORDERED** that Ms. Jarvis's Motion (ECF No. 15) is **GRANTED**; and it is further

**ORDERED** that Ms. Jarvis refund the EAJA award of $8,500 to Plaintiff upon receipt of $20,049.98; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate the Motion pending at ECF No. 15.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

4